**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | |
|---|---|
| Appeal of Marc and Susan Wood | } |
| | } |
| | }     Docket No. 121-7-03 Vtec |
| | } |
| | } |

Decision and Order on Cross-Motions for Summary Judgment

Appellants Marc and Susan Wood appealed from a June 16, 2003 decision of the Zoning Board of Adjustment (ZBA) of the Town of Hartford, upholding the Zoning Administrative Officer's decision not to accept Appellants' application to amend Zoning Permit #99-1180[1] and its associated site plans for the so-called Phase II of their development. Appellants represent themselves; the Town is represented by William F. Ellis, Esq.

The parties have moved for summary judgment on issues relating to the expiration date of the permit sought to be amended, and what regulations apply to the amendment application. The following facts are undisputed unless otherwise noted.

Appellants propose the development of a diner, private club, gas station, and convenience store on their property in the Town of Hartford. The property is located between Maple Street (Route 14) at a higher elevation and Ferry Boat Crossing (formerly Alber Drive) at a substantially lower elevation. Because of the difference in elevation, Appellants proposed to create a concrete slab retaining wall and to place fill to increase the area of land at the higher elevation and to stabilize the slope or bank. Appellants obtained zoning permits for the project (see footnote 1).

Section 1-4.3 of the Zoning Regulations requires the work authorized by a zoning permit to be started within six months and to be completed within two years of the permit's issuance date. Failure to meet these time deadlines requires that the applicant apply for a new permit for any remaining work, and that the new permit is to be decided under the regulations in effect at the time of the new permit application. Section 1-4.3 further allows the Planning Commission to issue a one-time six-month extension to either or both time periods (the start date and the completion date).

The permit for Phase III, #99-1215, does not appear to be at issue in the present appeal. Its effective date appears to have been September 2, 1999, so that absent any extensions it would have expired on September 2, 2001. Appellants appealed in Docket No. 37-2-00 Vtec from the Planning Commission's site plan approval for Phase III, and in Docket No. 102-5-00 Vtec from the ZBA's decision to uphold the Zoning Administrator's denial of a building permit for Phase III. These two appeals were dismissed as moot in the fall of 2001.

The effective date for Permit #99-1180, for Phase II, was October 16, 1999. Absent any extensions, it would have expired on October 16, 2001. Among other requirements, Permit #99-

1180 required Appellants' engineer to certify that the concrete slab retaining wall was constructed in accordance with the approved plans.

On June 11, 2001[2], the ZBA granted Appellants a six-month extension of the completion date for one of the zoning permits. If this extension were applicable to Phase II (Permit #99-1180), its completion date would have expired on April 16, 2002, absent any issues regarding its being stayed due to the pendency of litigation.

In early 2000, Appellants began the construction of the retaining wall or at least the stockpiling of concrete slabs on the lower elevation portion of the property, as the slab segments became available from ongoing highway bridge improvement projects. The Zoning Administrative Officer issued a Notice of Violation on February 4, 2000, alleging that the slabs were not being placed in the location authorized by the zoning permit and that the placement of the slabs was not in conformance with the approved Phase II plans.

Appellants appealed the Notice of Violation (Docket No. 91-5-00 Vtec) and the Town brought an enforcement action (Docket No. 72-3-00 Vtec). These two Environmental Court cases were consolidated for trial with a related Windsor Superior Court case[3], in which the Town alleged that Appellants created a public nuisance by clearing the slope and stacking the slabs on the property (Docket No. 219-5-00 WnCv).

During the very early pendency of that litigation, before the consolidation, on April 28, 2000, Judge Wright heard a motion for preliminary injunction, and took a site visit with the parties. At the site visit, Judge Wright issued an oral order governing the work on the site over the weekend of April 29-30, 2000, allowing Appellants to re-stack the concrete slabs at the westerly end of the site, and allowing only such work on the embankment as necessary to render it more stable during those two days. On May 1, 2000, the Environmental Court issued a written order in Docket Nos. 72-3-00 Vtec and 91-5-00 Vtec, denying the Town's request for a preliminary injunction, without prejudice, and stating the Court's expectations that the merits of the litigation would establish the safety and stability of the stacked slabs and the scope and conditions of the site plan approval of the project. Together with the transfer and consolidation order, Judge Cheever in Windsor Superior Court issued an order in Docket No. 219-5-00 Wrcv, orally on the record on June 14, 2000, and in writing on June 16, 2000, requiring Appellants to stabilize the pile of slabs and otherwise to stop construction until that litigation was completed or until further order of the Court.

Those consolidated cases were concluded by a decision issued on September 21, 2001, concluding that the retaining wall on the Town property did not meet the design specifications as approved in the permit for Phase II. However, the decision allowed Appellants to apply to the ZBA for approval of their proposal for Phase II, as an amendment to the previously-approved plans for Phase II. Appellants appealed that decision to the Vermont Supreme Court, which affirmed it on May 29, 2002. Town of Hartford v. Marc and Susan Wood, Docket No. 2001-473 (Vt. Supreme Ct., May 29, 2002) (three-justice panel).

Between the date of that decision and the application at issue in the present appeal (filed on April 15, 2003), Appellants assert that they made four earlier attempts to apply for approval of an

amended site plan pursuant to the September 21, 2002 Order. Whether these applications or attempts to apply were rejected as incomplete or for some other reason, Appellants did not appeal the Zoning Administrator's action on those attempts, and therefore those earlier efforts to apply are not before the Court in the present appeal. 24 V.S.A. § 4472(a).

Appellants' April 15, 2003, application sought to amend the Phase II permit (Permit #99-1180[4]). In addition to the changes in the design of the retaining wall, this application proposed changes to the locations of parking, a curb cut and gas pumps, and changes to the existing diner building. It also proposed that a building that had been proposed to be removed under the original Phase II permit would be retained and changed in use to a retail store.

On May 1, 2003, the Zoning Administrator declined to accept Defendants' application to amend, returning the application as incomplete, and stating that the permit for Phase II had expired. She also stated that the current application " would not be considered an amendment" due to the extent of the proposed changes from the original application.

In their arguments, both parties conflate the issue of whether the expiration time of the old permits had been stayed due to the pendency of the appeal litigation (under Preseault v. Wheel, 132 Vt. 247 (1974)) with the issue of what regulations would apply to any amendment or new permit request.

The time for expiration of a valid permit is properly suspended for a period during which delay in construction is caused by litigation. A permittee does not acquire additional time for construction if the permit expired prior to the litigation. Rather, the expiration of the permit is merely suspended during the time the permittee was prevented by the litigation from using the permit. Preseault v. Wheel, 132 Vt. 247, 253-55 (1974) (permittee allowed to construct under a one-year zoning permit where the delay in construction beyond the permit expiration date was attributable to litigation over another permit that was also required prior to construction); In re Appeal of Meunier, Docket No. 99-285 (Vt. Supreme Ct., Jan. 6, 2000) (three-justice mem.) (rationale of the Preseault case not applicable if the underlying permit had already expired when the litigation began).

In the present case, as in Preseault, the delay in construction was caused by the litigation; in fact, it was ordered by the Court, as of June 14, 2000 (Judge Cheever's order on the record in Docket No. 219-5-00 Wrcv). Therefore, once the litigation was concluded as of the date the mandate issued from the Vermont Supreme Court, Appellants had a right to continue with whatever construction was authorized by Permit #99-1180, for the amount of time left to them under that permit. That is, Permit #99-1180 did not expire during the litigation; rather, as of the Supreme Court's mandate 21 days after its May 29, 2003, decision, Appellants had some amount of time remaining to run on Permit #99-1180.

That time period is calculated as follows. Assuming Appellants received a six-month extension of Permit #99-1180, Appellants had a total of two-and-a-half years (913 days) from October 16, 1999 (the effective date of the permit) to complete the activities authorized under that permit for their Phase II project. If they did not receive an extension, they had two years (731 days) to complete the activities authorized under that permit for their Phase II project.

Appellants initially used up approximately eight months (242 days) between October 16, 1999 (the effective date of the permit) and the Windsor Superior Court's order to cease construction on June 14, 2000. Construction remained stayed during the litigation, which concluded when the mandate issued 21 days after the Vermont's Supreme Court's decision of May 29, 2002, on June 19, 2002. V.R.A.P. 41(a). Thus, as of June 19, 2002, deducting the initial 242 days Appellants had used, Appellants had approximately twenty-two-and-a-third months (671 days) remaining on Permit #99-1180 if it had a two-and-a-half-year duration, or approximately sixteen-and-a-third months (489 days) if Permit #99-1180 had a two-year duration.

Disregarding any earlier attempts on the part of Appellant to apply to amend Permit #99-1180 (as the determinations on those attempted applications were not appealed), Appellants then used up an additional 300 days, from June 19, 2002 until filing their application to amend Permit #99-1180 on April 15, 2003 (which is on appeal in the present case). Thus, Appellants used up a total of 542 days (approximately eighteen months). If they did wish to proceed with Phase II as originally permitted, they would have remaining to them just over a year (371 days) if Permit #99-1180 had a two-and-a-half-year duration, or just over six months (189 days) if it had a two-year duration.

However, Appellants now propose to construct a project that differs in several respects from what was authorized by Permit #99-1180. Appellants must apply for an amendment, not because the old permit had expired, but because what they now want to do is different from what was authorized under the old permit. As the Court ruled in the earlier litigation, and as the Supreme Court upheld, Appellants must apply for an amendment to Permit #99-1180 (or for new permits) to do what they are now requesting to do.

We note that it makes no difference under current law whether the changes in the proposal are characterized as an amendment to the existing permit or whether they are characterized as an application for a new permit. In either case, the application is governed by whatever regulations were in effect (or had been proposed for public hearing) as of the time the amendment application or new permit application is made. 24 V.S.A. § 4443(d) (effective July 1, 2001).[5]

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that both Motions for Summary Judgment are GRANTED in Part and DENIED in Part, as follows, concluding this appeal. The permit for Phase II (Permit #99-1180) had not expired as of the time of Appellants' application to amend it on April 15, 2003, and the Zoning Administrator or Zoning Board of Adjustment must consider the application to amend, which may include a ruling on its completeness. However, the zoning regulations applicable to any such permit amendment, or equally to any new approvals beyond the scope of that permit, are the zoning regulations in effect or proposed at the time that the application is filed. 24 V.S.A. § 4443(d) (effective July 1, 2001). Accordingly, this appeal is concluded in this Court, and the June 16, 2003 decision of the ZBA is hereby VACATED and REMANDED for further action consistent with this decision.

Done at Barre, Vermont, this 19th day of May, 2004.

_____
Merideth Wright
Environmental Judge

**Footnotes**

1.    In various places in their arguments and in the documents, both parties refer to permits numbered 99-1180, 99-1181, 99-1210 and 99-1215. These references have created a great deal of confusion in the matter before the Court, as has Appellants' use of the terms 'Phase II' and 'Phase III.' As noted in earlier litigation, Appellants used the terms 'Phase II' and 'Phase III' to refer to two alternative plans for their development, not to two successive stages in the development. From the materials supplied to the Court in connection with the parties' motions, it appears that Permit #99-1180 was the permit for Phase II and Permit #99-1215 was the permit for Phase III, and that neither #99-1181 nor #99-1210 is applicable to this project or this appeal.

2.    Neither of the parties has provided a copy of this ZBA decision or the minutes for this ZBA meeting. The parties seem to dispute whether this decision granted an extension to the zoning permit for Phase II (Permit #99-1180, which Appellants also mistakenly refer to as #99-1181, see footnote 1, above), or to the zoning permit for Phase III (Permit #99-1215), and therefore the parties may dispute whether any extension was granted for the Phase II permit. The 2003 ZBA decision on appeal in the present case does refer to an extension's having been granted for the completion date of the Phase II project. These disputed facts need not be resolved to resolve the present motions or the present appeal, but they do affect how much time remained on Permit #99-1180, which may or may not be of interest to the parties in the future.

3.    The Town also had filed a separate Windsor Superior Court case to determine the scope of the easement Appellants had over Town property (Docket No. 150-4-00 Wrcv).

4.    The application refers to it as an amendment to Phase II, citing Permit #99-1210, but see footnote 1 above.

5.    Please note that the amendments to 24 V.S.A. Chapter 117 adopted in the 2004 session (H. 175) carry this provision forward, but it will be re-codified as 24 V.S.A. §4449(d).